PLANT GENETIC SYSTEMS,
N.V., Plaintiff,

v.

DEKALB GENETICS CORPORATION,
Defendant.

Civ. No. 3:96CV02015(DJS).

United States District Court,
D. Connecticut.

Dec. 11, 1998.

Eric D. Daniels, Craig A. Raabe, Bradford S. Babbitt, Robinson & Cole, Hartford, CT, R. Danny Huntington, Eric H. Weisblatt, Regis E. Slutter, Barbara W. Walker, George A. Hovanec, Jr., Bruce Jeferson Boggs, Jr., Burns, Doane, Swecker & Mathis, Alexandria, VA, for Plant Genetic SYS NV, plaintiff.

William H. Champlin, III, Mark V. Connolly, Kevin S. Murphy, Tyler Cooper & Alcorn, Hartford, CT, Danny L. Williams, Karen B. Tripp, Keith B. Wilhelm, Roderick B. Williams, Paul R. Morico, Arnold, White & Durkee, Houston, TX, David L. Parker, Amber L. Hatfield, Robert M. O'Keefe, Teresa J. Bowles, Arnold, White & Durkee, Austin, TX, for DeKalb Genetics Corp, defendant.

Nicholas J. Maglio, Wiggin & Dana, Hartford, CT, for Pioneer Hi-Bred Intl, Inc, movant.

### RULING ON PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

SMITH, United States Magistrate Judge.

The matter before this court involves a dispute over patent rights relating to fertile transgenic corn. The court now rules on plaintiff's motion for entry of a protective order.[1]

**Plaintiff's Motion for Entry of Protective Order (Dkt.# 90): GRANTED**

The parties have agreed to the entry of a protective order in this case, and the court has acknowledged the propriety of such an order. Per order of the court, both Plant Genetic Systems, N.V. (PGS) and DeKalb Genetics Corporation (DeKalb) submit motions for entry of a protective order under Fed.R.Civ.P. 26(c). For the reasons below PGS's Motion for Entry of Protective Order (Dkt.# 90) is **GRANTED**.

---

1. Defendant proposes an alternative protective order in its response.

The parties are in agreement on all of the provisions of the protective order except paragraphs D and V.

### 1. Paragraph D

█ Primarily the parties disagree as to whether production resulting from this lawsuit should be available for use in as yet undeclared future interferences involving these two parties.

PGS's proposed order includes the following provision:

D. Confidential Material, Restricted Confidential Material, and Outside Counsel Only Material, shall be used by the recipient solely for the purpose of conducting this litigation, except that Confidential Material and Restricted Confidential Material may be used in *Adams et al. v. Leemans et al.* Interference (No. 103,924) pending in the United States Patent and Trademark office.

The competing provision, sought by DeKalb's proposed order reads as follows:

Confidential Material, Restricted Confidential Material, and Outside Counsel Only Material, shall be used by the recipient solely for the purpose of conducting this litigation, except that Confidential Material and Restricted Confidential Material may be used in *Adams et al. v. Leemans et al.* Interference (No. 103,924) pending in the United States Patent and Trademark Office and any other interference between DEKALB and PGS relating to fertile transgenic corn plants, plant cells, plant tissues, seeds, or other plant material. Outside Counsel Only Confidential Material relating to research and development activities at issue in any of the aforementioned interferences may also be used in said interferences.

DeKalb's proposed order is obviously broader than PGS's, as it seeks to make the confidential information [2] produced in the present lawsuit available in potential future interferences not yet declared. Conversely, PGS seeks to limit the use of the confidential information to the pending lawsuits and the only existing interference proceeding involving the two parties (with the exception that it seeks to limit the use of Outside Counsel Only Material to the present litigation).

The parties agree that discovery obtained in the present lawsuit concerns many of the same facts, issues, individuals, and technology that are involved in the *Adams* interference.[3] The parties further agree that the confidential information produced in this case may be used in the *Adams* interference currently pending in the U.S. Patent and Trademark Office (PTO).

However, DeKalb asserts that most, and possibly all, of these facts, issues, individuals, and technology will be involved in future interferences declared between DeKalb and PGS which concern fertile transgenic corn plants, plant cells, plant tissues, seeds, or other plant material. In contemplation of the possibility of future interferences involving these two companies, DeKalb proposes a protective order making discovery obtained in this lawsuit available for use in any such future interference proceedings.

DeKalb argues that use of discovery from the present lawsuit in future interference proceedings avoids waste of resources, which could be significant given the complexity of the subject matter, the voluminous documents involved and their location.

PGS, on the other hand, argues that DeKalb's proposed order enables them to use PGS's documents to try to provoke interferences with PGS in the future. PGS fears DeKalb's secret exploitation of PGS's confidential information and use thereof "at any interference DeKalb manages to provoke." Pl.'s Mot. at 3. PGS argues further that DeKalb's proposed order would abrogate PGS's justified reliance on confidentiality of its most sensitive production materials. Finally, PGS asserts that the proposed DeKalb order is unduly broad, because rather than protecting confidential information by confining its use to this case and the existing

---

2. For the sake of convenience the court uses the phrase "confidential information" to refer to all three contemplated classifications of information.

3. *Adams* is the only declared interference involving PGS and DeKalb.

interference, DeKalb expressly seeks unfettered use of PGS's confidential information in unspecified, non-existing interferences. PGS maintains that its proposed protective order will achieve the intended purpose of ensuring protection for the parties' confidential information; will afford the parties the use of such information in the only interference now pending between the parties; and is, in effect, that which the parties have been operating under throughout discovery. Pl.'s Mot. at 4.

The court finds DeKalb's proposed paragraph D of the protective order unduly broad and speculative and accordingly orders entry of a protective order containing PGS's proposed paragraph D. In the event that the PTO declares another interference involving these parties, the issues will then be defined and the need for confidentiality of information will then be available. If and when such an interference is declared the parties' use of confidential information produced in this case can then be agreed upon by the parties as necessary; and, if necessary, submitted for decision on motion to the appropriate court or tribunal. In light of the highly competitive relationship between these two enterprises the more cautious and limited protective order proposed by PGS is appropriate.

### 2. Paragraph V

■ The only other issue as to the protective order on which the parties disagree is the return of confidential production documents at the conclusion of the present litigation. The provisions in both proposed protective orders are found in paragraph V.[4]

DeKalb's proposed paragraph V attempts to allow access to the confidential material (including Outside Counsel Only Material) until the latest of: the conclusion of this case, the conclusion of the pending interference between the parties, or the conclusion of any future interference between the parties relating to fertile transgenic corn plants, plant cells, plant tissues, seeds, or other plant material.

PGS's more limited proposal calls for return or destruction of the confidential material within sixty days of the termination of the litigation between the parties. (emphasis added).

In light of the court's above ruling limiting the proceedings in which the subject material can be used, the court finds that confidential information's use is appropriately limited to proceedings presently in existence. Accordingly, the court orders that the protective order issued in this case contain the following paragraph V:

> Within sixty (60) calendar days of the termination of litigation between the parties all Outside Counsel Only Material and all copies thereof in the possession of any outside counsel of any receiving party as described in paragraphs E(1) and G(1) or any person described in paragraphs E(2) and G(2) shall be returned to the party

**4.** PGS's proposed paragraph V: Within sixty (60) calendar days of the termination of the litigation between the parties, all Confidential Material, all Restricted Confidential Material, all Outside Counsel Only Confidential Material and all copies thereof in the possession of any outside counsel of any receiving party as described in paragraphs E(1) and G(1) or any person as described in paragraphs E(2) and G(2) shall be returned to the party which produced it or shall be destroyed. Provided further, that if the documents are destroyed a Certificate of Destruction signed by counsel shall be provided to the producing party within ten (10) business days of the destruction of the documents. Within thirty (30) calendar days of the termination of litigation between the parties, all Confidential Material, all Restricted Confidential Material, all outside Counsel Only Material, and all copies thereof, in the possession of any in-house counsel of any receiving party as described in paragraph E(1) or

in the possession of any person described in paragraph G(7) shall be returned to the party who produced it or shall be destroyed. A Certificate of Destruction signed by such person shall be provided within ten (10) business days of the destruction of the documents.

DeKalb's proposed paragraph V: Within sixty (60) calendar days of the termination of litigation between the parties, or any interference between the parties relating to fertile transgenic corn plants, plant cells, plant tissues, seeds, or other plant material, whichever is later, all Confidential Material, all Restricted Confidential Material, all outside Counsel Only Material and all copies thereof in the possession of any outside counsel of any receiving party as described in paragraphs E(1) and G(1) or any person as described in paragraphs E(2) and G(2) shall be returned to the party which produced it or shall be destroyed .... (the remainder of the paragraph is identical to PGS's proposed paragraph V, above).

which produced it or shall be destroyed in the manner prescribed below for Confidential and Restricted Confidential Material. Within sixty (60) calendar days of either the termination of litigation between the parties, or of the *Adams et al. v. Leemans et al.* Interference (No. 103,924) between the parties, whichever is later, all Confidential Material and all Restricted Confidential Material, and all copies thereof in the possession of any outside counsel of any receiving party as described in paragraphs E(1) and G(1) or any person described in paragraphs E(2) and G(2) shall be returned to the party which produced it or shall be destroyed. Provided further, that if the documents are destroyed a Certificate of Destruction signed by counsel shall be provided to the producing party within ten (10) business days of the destruction of documents. Within thirty (30) calendar days of the termination of the litigation between the parties all Outside Counsel Only Material and all copies thereof in the possession of any in-house counsel of any receiving party as described in paragraph E(1) or in the possession of any person described in paragraph G(7) shall be returned to the party who produced it or it shall be destroyed. A Certificate of Destruction signed by such person shall be provided within ten (10) business days of the destruction of the documents. Within thirty (30) calendar days of the later of the termination of the litigation or the *Adams v. Leemans* Interference between the parties all Confidential Material, and all Restricted Confidential Material, and all copies thereof in the possession of any in-house counsel of any receiving party as described in paragraph E(1) or in the possession of any person described in paragraph G(7) shall be returned to the party who produced it or it shall be destroyed. A Certificate of Destruction signed by such person shall be provided within ten (10) business days of the destruction of the documents.

For the above reasons plaintiff's motion for entry of a protective order (**Dkt.# 90**) is **GRANTED** subject to the alteration made above. The parties are directed to submit a joint protective order not inconsistent with this ruling within twenty (20) days hereof.

**IT IS SO ORDERED.**